**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JASON LACEY, ) | |
| ) | |
| PLAINTIFF, ) | |
| v. ) | |
| ) | Case No. |
| I.C. SYSTEM, INC., ) | |
| ) | |
| ) | |
| ) | |
| DEFENDANT. ) | <u>JURY TRIAL DEMANDED</u> |

## **COMPLAINT**

Plaintiff, Jason Lacey, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to §1692k(d) of the FDCPA, and 28 U.S.C. §§ 1331 and 1337.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendants transact substantial business here.

## **STANDING**

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a personalized and concrete injury in the form of, among other things, emotional distress caused by Defendant's contact with him in regard to a debt when Defendant knew he was represented by counsel in respect to that debt, and by falsely stating the legal status of the debt.

1

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Jason Lacey ("Mr. Lacey" or "Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to RCN Corporation. Plaintiff is thus a consumer as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant I.C. System, Inc. ("ICS"), is a Minnesota based corporation, with its principal place of business in St. Paul, Minnesota. ICS does or transacts business in Illinois. Its registered agent is CT Corporation System, which can be found at 208 South LaSalle St., Suite 814, Chicago, IL 60604. (Exhibit A, Record from Illinois Secretary of State).

8. ICS regularly collects, or attempts to collect, consumer debt owed to another.

9. ICS acts as a debt collector as defined by §1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

10. ICS also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred a debt for goods and/or services used for personal, family or household purposes ("alleged debt"), originally owed to RCN Corporation ("RCN") for personal phone, internet and/or cable services. The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

12. Due to financial hardship, Plaintiff was unable to pay the alleged debt, and it went into default.

13. Due to Plaintiff's deteriorating financial situation, he sought the assistance of bankruptcy counsel, and retained the Corbin Law Firm, LLC to represent his interests in filing bankruptcy.

14. On June 29, 2017, Plaintiff filed for Chapter 13 Bankruptcy, case number 17-19715, in the United States Bankruptcy Court for the Northern District of Illinois.

15. Plaintiff was told by his counsel that counsel would act as an intermediary between him and debt collectors, and that Plaintiff would not be contacted directly by debt collectors.

16. On July 27, 2017, Plaintiff's bankruptcy counsel sent a Supplemental Notice of Chapter 13 Bankruptcy to, among other creditors, RCN. (Exhibit B, Supplemental Notice of Chapter 13 Bankruptcy).

17. On information and belief, RCN received the bankruptcy notice shortly thereafter.

18. This notice of bankruptcy included Plaintiff's counsel's name, phone number, address and email address. It also included notice that Plaintiff had filed bankruptcy and provided the case name and number for the bankruptcy.

19. The bankruptcy was also filed publicly, and available to his creditors, as it was public record.

20. Shortly after July 27, 2017, RCN knew that Plaintiff was represented by counsel and had filed for bankruptcy.

21. At some point after receiving this notice from Plaintiff's bankruptcy counsel, RCN assigned or otherwise retained ICS to assist it in attempting to collect the alleged debt from Plaintiff.

22. On receiving the file, ICS received notice that Plaintiff had filed bankruptcy and was represented by counsel, or could have easily ascertained that information through normal processes and procedures, if it chose to do so.

23. Despite the fact that Defendant knew, or could have easily ascertained, that Plaintiff was represented by counsel, and had filed for bankruptcy, ICS contacted Plaintiff directly in an attempt to collect the alleged debt.

24. In September 2017 ICS called Plaintiff directly, despite the fact that he was represented by counsel, in an attempt to collect the alleged debt.

25. During the pendency of the September 2017 call, Plaintiff spoke with a representative of ICS, who stated that the call was from a debt collector and was an attempt to collect a debt.

26. Plaintiff further told ICS's representative that he had filed for bankruptcy, and that they should know this because his attorney sent documentation of the bankruptcy to RCN.

4

27. Plaintiff additionally told ICS to stop calling him, and provided the agent with his attorney, Arthur Corbin's, name, phone number and email address.

28. Plaintiff made clear that ICS should contact his attorney if they require additional information about the bankruptcy.

29. Even though ICS had actual knowledge that Plaintiff had filed for bankruptcy, was represented by counsel, and actually had Plaintiff's counsel's name and contact information, ICS continued to attempt to collect the allege debt directly from Plaintiff.

30. ICS mailed a collection letter directly to Plaintiff on or about October 25, 2017, seeking to collect the alleged debt. (Exhibit C, October 25, 2017 Collection Letter from ICS).

31. The letter contained the name of the alleged "Creditor", the alleged balance due and stated, *inter alia*:

> **You have informed us that this account owed to RCN Corporation in the amount of $492.67 was included in bankruptcy yet neither our office nor RCN Corporation has received any specific bankruptcy information.**
>
> **Please provide copies of legal documents indicating that this account has been included in your bankruptcy or otherwise provide us with the chapter number, case number, and date the bankruptcy was filed. If your personal attorney is handling the matter of your account please provide us with contact information for your attorney. The mailing address is: I.C. System, Inc., PO Box 64378, St. Paul, MN 55164-0378.**
>
> **This communication is from a debt collector**
>
> **(Exhibit C, October 25, 2017 Collection Letter from ICS).**

32. The letter additionally provided a Toll-Free phone number for consumers to contact it directly.

33. Plaintiff had already provided ICS with information to locate his bankruptcy file, and ICS should have had the relevant information necessary to locate Plaintiff's bankruptcy file and attorney, if it didn't already have that information.

5

34. The October 25, 2017, letter was a communication sent in connection with the collection of a debt.

35. 15 U.S.C. § 1692c(a) of the FDCPA provides as follows:

> **§1692c. Communication in connection with debt collection**
>
> **(a)    Communication with the consumer generally.**
> **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**
>
> …
>
> **(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. . . .**

36. Despite the fact that ICS claimed not to have had the information, Defendant knew or could have easily ascertained that Plaintiff was represented by counsel because Plaintiff's counsel sent RCN, for which Defendant was attempting to collect an alleged debt, the notice of bankruptcy. This notice of bankruptcy included Plaintiff's counsels name, phone number, address and email address. It also included notice that Plaintiff had filed bankruptcy and provided the case name and number for the bankruptcy.

37. Defendant violated 15 U.S.C. § 1692c(a)(2) of the FDCPA when it mailed a letter to Plaintiff, in connection with the collection of a debt, despite knowing that Plaintiff was represented by counsel.

38. Additionally, the letter requested that Plaintiff, and only Plaintiff, provide the contact information for Plaintiff's counsel. The letter did not state that Plaintiff's counsel could contact Defendant directly.

39. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **§ 1692e. False or Misleading Representations**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

40. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) when it requested that Plaintiff contact it directly to provide information regarding the bankruptcy, even though Plaintiff told ICS not to contact him but rather his attorney, whose contact information he provided to ICS.

41. In fact, ICS should not have contacted Plaintiff directly after receiving notice of the bankruptcy.

42. ICS's letter to Plaintiff was an attempt to initiate contact with Plaintiff in furtherance of its attempt to collect a debt, even though it knew that Plaintiff was represented by counsel.

43. ICS's request that a consumer contact it directly, even though the consumer was represented by counsel, would cause the unsophisticated consumer to be tricked into contacting Defendant, which could then initiate further collection proceedings.

44. Defendant additionally violated 15 U.S.C. §§ 1692e and 1692e(10) when it claimed that "neither our office nor RCN Corporation has received any specific bankruptcy information." Because RCN had in fact received the bankruptcy notice, and Plaintiff had personally provided ICS with information on his bankruptcy status during the September 2017 phone call.

45. Mr. Lacey was alarmed at receiving the collection letter, as his counsel had previously assured him that he would notify his alleged creditors that his office represented him regarding the debt, and that Plaintiff would not be contacted by Defendant after his counsel sent notice of his representation.

7

46. Additionally, Plaintiff was alarmed that he still received the collection letter, even though he had notified Defendant, by phone, that he was represented by counsel and had filed for bankruptcy.

47. Mr. Lacey was frightened, nervous and upset at the prospect of facing Defendant's collection efforts alone, and experienced distress as a result of Defendant's actions.

48. Section 1692d of the FDCPA states in relevant part:

**§ 1692d. Harassment or abuse.**

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.**

49. Defendant violated 15 U.S.C. § 1692d when it called Plaintiff directly, in an attempt to collect a debt, when it knew or could have easily ascertained that he was represented by counsel.

50. Defendant engaged in conduct, in connection with the collection of the alleged debt, the natural consequence of which is to harass, oppress, or abuse Mr. Lacey, in violation of § 1692d.

51. Section 1692f of the FDCPA provides as follows:

**§ 1692f. Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

52. Defendant violated 15 U.S.C. §§ 1692f and 1692f(1) when it attempted to collect the alleged debt from Plaintiff, even though Defendant had no legal right to do so because of Plaintiff's bankruptcy filing.

53. Defendant's collection actions and communications are to be interpreted under the "unsophisticated consumer" standard. See *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

54. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

55. Defendant violated 15 U.S.C. § 1692c(a)(2) when it called Plaintiff in an attempt to collect a debt, when it knew or could have easily ascertained that Plaintiff was represented by counsel.

56. Defendant violated 15 U.S.C. § 1692c(a)(2) when it mailed Plaintiff the Collection Letter, on or about October 25, 2017, when it knew that Plaintiff was represented by counsel.

57. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) when it requested that Plaintiff contact it directly to provide information regarding the bankruptcy, even though Plaintiff preferred to have no more contact with ICS and provided ICS with his attorney's name and contact information.

58. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) when it claimed that "neither our office nor RCN Corporation has received any specific bankruptcy information." Because RCN had in fact received the bankruptcy notice, and Plaintiff had personally provided ICS with information on his bankruptcy status during the September 2017 phone call.

59. Defendant violated 15 U.S.C. § 1692d when it called Plaintiff directly, in an attempt to collect a debt, when it knew or could have easily ascertained that he was represented by counsel.

60. Defendant violated 15 U.S.C. §§ 1692f and 1692f(1) when it attempted to collect the alleged debt from Plaintiff, even though there was an automatic stay in place, due to Plaintiff's bankruptcy filing.

61. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against Defendant I.C. System, Inc. for the count alleged above for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages from each defendant pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
Chicago Consumer Law Center, P.C.
111 West Washington Street, Suite 1360
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

10

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: */s/ Bryan Paul Thompson*

One of Plaintiff's Attorneys